UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAY COLLINS and<br>JOCELYNE ROBLEDO | CASE NUMBER: 25 CR 608 |

FILED
9/28/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief: On or about September 27, 2025, at Broadview, in the Northern District of Illinois, Eastern Division, defendants RAY COLLINS and JOCELYNE ROBLEDO violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 111(a)(1) | Defendants forcibly assaulted, resisted, opposed, impeded, and interfered with persons designated in Title 18, United States Code, Section 1114, namely, officers and employees of the United States, while engaged in the performance of their official duties and such acts involved physical contact with the victims of that assault. |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

ALEX GARCIA-ORTIZ
Digitally signed by ALEX GARCIA-ORTIZ
Date: 2025.09.28 16:34:30 -04'00'

ALEX GARCIA-ORTIZ
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives

Sworn to before me and signed in my presence.

Date: September 28, 2025

*Judge's signature*

City and state: Chicago, Illinois

GABRIEL A. FUENTES, U.S. Magistrate Judge
*Printed name and Title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

ss

# AFFIDAVIT

## I. Introduction

I, ALEX GARCIA-ORTIZ, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), Chicago Field Division. I have been so employed for approximately one year. My responsibilities include investigating violations of federal firearm laws and related criminal offenses.

2. This affidavit is submitted in support of a criminal complaint alleging that defendants RAY COLLINS and JOCELYNE ROBLEDO violated Title 18, United States Code, Section 111(a)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not included every fact known to me about this matter. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendants committed the offense alleged in the criminal complaint.

3. This affidavit is based on my personal knowledge and information provided to me by other law enforcement officers, as described below.

## II. Facts Supporting Probable Cause

4. On the night of September 27, 2025, a large crowd gathered in protest of ongoing immigration enforcement operations being conducted by law enforcement

authorities in the Northern District of Illinois. The crowd gathered in protest in front of the entrance to an immigration detention center in Broadview, Illinois.

5. I was among the federal law enforcement agents assigned to provide support and assistance in the ongoing immigration enforcement operations, and I was present at the time of the civilian protest outside the Broadview facility.

6. Due to the large size of the crowd gathered around the Broadview facility, law enforcement agents attempted to extend the perimeter around the facility and thereby minimize the risk of physical contact and conflict between members of the public, officers performing their duties, and detainees. Law enforcement agents repeatedly directed members of the crowd to move back.

7. At one point during the protest, I observed a majority of the crowd following commands and retreating. I further observed a few protesters refusing to retreat and then make contact with law enforcement agents attempting to maintain control. Defendants COLLINS and ROBLEDO were later identified as being among those who refused to retreat, and who made contact with law enforcement agents.

8. I did not personally observe the physical contact between COLLINS, ROBLEDO, and law enforcement agents. The following is a summary of the incident as described to me by other agents who were either assaulted or who observed the assault by COLLINS and ROBLEDO:

    a. Law enforcement agents repeatedly gave verbal commands to protesters to move back from the Broadview facility. Defendant ROBLEDO refused to move.

b. Law enforcement agents attempted to extend the perimeter and push back the crowd, including ROBLEDO. ROBLEDO then pushed back agents who were attempting to extend the perimeter, causing a struggle with the agents. During this struggle with ROBLEDO, agents observed a firearm that she was carrying in a band around her waist. Agents removed the firearm and detained ROBLEDO. ROBLEDO's firearm—a loaded GForce Arms 9mm semiautomatic pistol, bearing serial number TH375-24A02524—was cleared and rendered safe.

c. Meanwhile, defendant COLLINS, having observed the scuffle between ROBLEDO and law enforcement agents, yelled at the agents to get away from his wife. COLLINS then charged toward the agents.

d. Agents attempted to restrain COLLINS, but he resisted, struggling with agents, and causing a physical injury to the thumb of an ATF Special Agent.

e. After agents managed to restrain COLLINS and place him under arrest, they discovered that he too was carrying a firearm in his waistband. COLLINS' firearm—a loaded Canik/Century Arms 9mm semiautomatic pistol, bearing serial number T6472-24-CB 18193—was cleared and rendered safe.

f. Agents have confirmed that both COLLINS and ROBLEDO have lawful permits to carry the firearms.

9. The physical contact by defendants COLLINS and ROBLEDO occurred while the agents were performing their official duties in connection with ongoing

immigration enforcement operations, securing the Broadview detention facility, and protecting the public.

11. The persons with whom COLLINS and ROBLEDO made physical contact were "officers of the United States" within the meaning of Title 18, United States Code, Section 1114, in that they were serving as agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives, and the U.S. Customs and Border Patrol (CBP).

### III. Conclusion

11. For the forgoing reasons, I respectfully submit that there is probable cause to believe that defendants RAY COLLINS and JOCELYNE ROBLEDO forcibly assaulted, resisted, opposed, impeded, and interfered with officers of the United States, as designated in Title 18, United States Code, Section 1114, more specifically, ATF and CBP agents, while those agents were engaged in the performance of their official duties, and in doing so, defendants COLLINS and ROBLEDO made physical contact with the agents, all in violation of Title 18, United States Code, Section 111(a)(1).

FURTHER AFFIANT SAYETH NOT.

ALEX GARCIA-ORTIZ
Digitally signed by ALEX GARCIA-ORTIZ
Date: 2025.09.28 16:36:32 -04'00'

ALEX GARCIA-ORTIZ
ATF Special Agent

SUBSCRIBED AND SWORN
to before me on September 28, 2025.

GABRIEL A. FUENTES
United States Magistrate Judge